**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EQUIP FOR EQUALITY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | Judge |
| INGALLS MEMORIAL HOSPITAL, | ) | |
| | ) | Magistrate Judge |
| Defendant. | ) | |

03C 0797

JUDGE ALESIA

MAGISTRATE JUDGE DENLOW

**COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF**

**DOCKETED**

FEB 0 4 2003

## I.  Introduction

1.    Plaintiff Equip for Equality, Inc. ("EFE") is a private not-for-profit organization with a statutory mandate to protect and advocate on behalf of individuals with mental illness and developmental disabilities, and individuals with other disabilities as defined by the Americans with Disabilities Act. Pursuant to its statutory authority, EFE undertook an initiative to investigate and study the conditions of patients in the psychiatric wards and units of private hospitals. EFE has been attempting to study the conditions of patients at Ingalls Memorial Hospital ("Ingalls Hospital"), but Defendant, by its agents and employees, refuses to allow EFE access to the hospital facilities, patients or employees. Thus, EFE complains against Defendant seeking access to its facilities, patients and employees in accord with Plaintiff's statutory right.

## II.  The Parties

2.    EFE is a not-for-profit Illinois Corporation, which was founded in 1985 under the name Protection and Advocacy, Inc. as an organization dedicated to protecting and upholding the rights of individuals with disabilities in the state of Illinois. EFE's main office is located in Chicago, Illinois in Cook County.

/ — /

3.    Based on information and belief, Defendant Ingalls Hospital is a private hospital with at least one unit serving psychiatric patients. The main hospital facility is located at One Ingalls Drive in Harvey, Illinois in Cook County.

## III.    Nature of Action

4.    The right of EFE, as the Protection and Advocacy System fro Illinois, to bring this action to require unaccompanied access to facilities that provide medical or psychiatric services is supported 42 U.S.C § 10801 et seq., known as the Protection and Advocacy for Individuals with Mental Illness Act (federal PAIMI Act), 42 U.S.C. § 10801 et seq. The federal PAIMI Act provides in relevant part as follows:

"(b) The purposes of this chapter are –

(2) to assist States to establish and operate a protection and advocacy system for individuals with mental illness that will-

(A) protect and advocate the rights of such individuals through activities to ensure the enforcement of the Constitution and Federal and State statutes; and

(B) investigate the incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred."

5.    EFE's right to access the facilities, patients and employees of Defendant Ingalls Hospital is also supported by the following state statute: 405 ILCS 45/1 *et seq.*, known as the Illinois Protection and Advocacy for Mentally Ill Persons Act.

## IV.    Jurisdiction and Venue

6.    This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. 7.

7.    This court has supplemental jurisdiction over the state law claims alleged herein pursuant 28 U.S.C. § 1367.

8.      Venue is appropriate pursuant to 28 U.S.C. § 1391(b). The parties are Illinois entities and all of the events and omissions complained of occurred within this district.

## V.      **Statement of Facts**

9.      In or about 1985, pursuant to 42 U.S.C. § 10801 *et seq.* (Federal PAIMI Act) and 405 ILCS 45/1 *et seq.* (Illinois PAIMI Act) EFE, formerly known as Protection and Advocacy, Inc. was designated by the Governor as the Protection and Advocacy organization (P & A) for Illinois.

10.      Both the Federal and Illinois PAIMI Acts provide that the designated P & A organization "shall have the authority to pursue administrative, legal and other appropriate remedies to ensure the protection of the rights of mentally ill persons/individuals with mental illness who are receiving care or treatment in the/this state."

11.      EFE's federal and state mandates include the responsibility to ensure that the rights of individuals with mental illness and developmental disabilities are protected, and advocate on their behalf. Thus, EFE serves the important function of providing independent oversight of programs and facilities that offer treatment and care to individuals with mental illness and developmental disabilities in Illinois.

12.      The Federal Acts governing P & A entities require that they be independent from state and private providers of services to individuals with mental illness and developmental disabilities, and provide federal funding to the designated P & A in each state to fulfill its statutory mandate.

13.      Pursuant to its statutory authority and mandate, EFE provides free self-advocacy assistance and legal services to individuals with disabilities, conducts inquiries and studies into issues and problems affecting such individuals and advocates for solutions on their behalf. EFE

has also examined and monitored state investigations of alleged incidents of abuse and neglect in state and private residential mental health facilities.

14. In the past, many of EFE's recommendations resulting from its projects and studies have led to the enactment of legislative reforms. For example, EFE's work as Court-appointed monitor in the case of <u>Nathan v. Leavitt</u> led to the enactment of legislation that established the right of every recipient of services in a mental health or developmental disability facility to be free from abuse and neglect (405 ILCS 5/2-112) and to changes in policies and procedures of the Department of Mental Health and Developmental Disabilities concerning the reporting of abuse.

15. EFE is currently implementing an outreach initiative with private psychiatric hospitals. The goal of the initiatives is to establish EFE's presence in the Chicago area and statewide in the private sector hospital system by informing patients, their families and hospital staff about the advocacy services and the educational and training opportunities offered by EFE.

## VI. <u>Denial of Access</u>

16. In January of 2002, representatives of EFE contacted Defendant Ingalls Hospital by phone concerning EFE's initiative involving private psychiatric hospitals. In accordance with its statutory authority, EFE made an oral request for access to the psychiatric unit of Defendant's facilities, to the patients of the psychiatric unit and to hospital employees working within the psychiatric unit. EFE was referred to Ms. Catherine Joseph. Based upon information and belief, Ms. Joseph serves as Behavioral Health Manager for Ingalls Hospital. In a phone conversation with representatives of EFE, Ms. Joseph refused to grant access to either the facilities, residents or employees of the psychiatric unit.

17. Over the next several months, Equip for Equality made additional oral and written access to the facilities, residents and employees at Ingalls Hospital. On February 22, 2002, EFE

4

sent correspondence discussing its statutory rights to counsel for the hospital. Despite the written request, as well as several more requests made orally over the phone to Ms. Joseph and to legal counsel for the hospital, Equip for Equality was denied access to the facilities of the psychiatric unit, the patients, and employees at Ingalls Hospital.

18.     On or about August 6, 2002, EFE made another written request for access to the facilities, patients and employees of the psychiatric unit at Ingalls Hospital.

19.     On or about September 13, 2002, representatives of Equip for Equality traveled to Ingalls Hospital and met with Ms. Joseph. At that time EFE was denied access to the psychiatric unit facilities, patients, and employees.

## VII    **Right To Relief**

20.     Part 51 of Title 42 of the Code of Federal Regulations establishes the requirements that apply to the Federal Protection and Advocacy for Individuals with Mental Illness Program (PAIMI). 42 C.F.R. 51.31(c) provides as follows:

> "(c)    Wherever possible, the program should establish an on-going presence in residential mental health care or treatment facilities, and relevant hospital units."

21.     Subsection (d) provides:

> "(d)    Program activities should be carried out in a manner which allows program staff to:
>
> (1) Interact regularly with those individuals who are current or potential recipients of protection and advocacy services;
> (2) Interact regularly with staff providing care or treatment."

22.     42 C.F.R. 51.31(a) provides:

> "(a)    Consistent with State and Federal law and the canons of professional ethics, a P & A system may use any appropriate technique and pursue administrative, legal or other appropriate remedies to protect and advocate on behalf of individuals with mental illness

to address abuse, neglect or other violations
of rights."

23.     42 C.F.R. 51.31(i) provides:

> "(i)   A P & A system may exercise its authority
> under State law where the authority exceeds
> the authority required by the Act. However,
> state law must not diminish the required
> authority of the Act."

24.     The requirements that apply to the Illinois Protection and Advocacy for Mentally

Ill Persons Act (state PAIMI) are found at 405 ILCS 45/3 *et seq.* Section 45/3(B) provides as

follows:

> "(B)    The agency shall have access to all mental health facilities as defined in
> Sections 1-107 and 1-114 of the Mental Health and Developmental Disabilities
> Code, all facilities as defined in Section 1-113 of the Nursing Home Care Act, all
> facilities as defined in Section 2.06 of the Child Care Act of 1969, as now or
> hereafter amended, and all other facilities providing care or treatment to mentally
> ill persons. Such access shall be for purposes of meeting with residents and staff,
> informing them of services available from the agency, distributing written
> information about the agency and the rights of persons who are mentally ill,
> conducting scheduled and unscheduled visits, and performing other activities
> designed to protect the rights of mentally ill persons."

25.     Defendant's actions and inactions in refusing EFE's written and oral requests for

access to the facilities, residents and employees of Ingalls Hospital violate EFE's statutory rights

under the federal PAIMI Act, 42 C.F.R. § 10801 *et seq.* and under the state PAIMI Act (405

ILCS 45/1 *et seq.*).

## VIII. <u>Prayer for Relief</u>

26.     WHEREFORE, Plaintiff Equip for Equality requests:

a.      that the Court exercise jurisdiction over this action;

b.      that the Court declares that Defendant's actions and inactions violate the

federal PAIMI Act;

6

c.    that the Court declare that Defendant's actions and inactions violate the Illinois PAIMI Act;

d.    that the Court enjoin Defendant to allow Equip for Equality unaccompanied access to the facilities, residents and employees at Ingalls Hospital without advance notice and at any reasonable time during and after business hours.

e.    that the Court issue such other relief as may be just, equitable appropriate.

Respectfully submitted,

Byron L. Mason
Attorney for Plaintiff

Equip for Equality, Inc.
11 East Adams Street, Suite 1200
Chicago, Illinois 60603
312/341-0022

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

EQUIP FOR EQUALITY, INC.

**DEFENDANTS**

DOCKETED

CHRISTIAN WOMEN COUNSELING SERVICES, a/k/a SYENE ELKANAH SINGER PAVILLION,

FEB 0 4 2003

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    COOK
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

03C 0797

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Byron L. Mason, Esq.
Equip for Equality, Inc.
11 E. Adams Street, Suite 1200
Chicago, IL 60603 - 312/341-0022

ATTORNEYS (IF KNOWN)

JUDGE ALESIA

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

Transferred from
☐ 5 another district (specify)

☐ 6 Multidistrict Litigation

Appeal to District Judge from
☐ 7 Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 863 DWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motion to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. sec. 10801.

Right of Protection & Advocacy System to have access to facilities that provide treatment for mental illness.

**VII. REQUESTED IN COMPLAINT**

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint

JURY DEMAND:   ☐ YES   ☐ NO

**VIII.** This case

☐ is not a refiling of a previously dismissed action.

☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE
2/3/03

SIGNATURE OF ATTORNEY OF RECORD
Byron L Mason

UNITED STATES DISTRICT COURT

J-2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

EQUIP FOR EQUALITY, INC.
              Plaintiff,

vs.

CHRISTIAN WOMEN COUNSELING SERVICES, a/k/a SYENE ELKANAH
SINGER PAVILLION, Defendant.

**Case Number:**

03C 0797

JUDGE ALESIA

MAGISTRATE JUDGE DENLOW

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:**

EQUIP FOR EQUALITY, INC.

DOCKETED

FEB 0 4 2003

| (A) | (B) |
|---|---|
| SIGNATURE *Byron L Mason* | SIGNATURE |
| NAME  Byron L. Mason | NAME |
| FIRM  Equip for Equality, Inc. | FIRM |
| STREET ADDRESS  11 E. Adams Street, Suite 1200 | STREET ADDRESS |
| CITY/STATE/ZIP  Chicago, IL 60603 | CITY/STATE/ZIP |
| TELEPHONE NUMBER  312/341-0022 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?  YES ☐  NO ☐ | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ |
| TRIAL ATTORNEY?  YES ☐  NO ☐ | TRIAL ATTORNEY?  YES ☐  NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |
| **(C)** | **(D)** |
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?  YES ☐  NO ☐ | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ |
| TRIAL ATTORNEY?  YES ☐  NO ☐ | TRIAL ATTORNEY?  YES ☐  NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |

**PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.**